**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiffs and
Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, <br><br>     Plaintiff, <br><br>     v. <br><br>BARCLAYS PLC, BOB DIAMOND, ANTONY JENKINS, CHRIS LUCAS and TUSHAR MORZARIA, <br><br>     Defendants. | Case No. 1:14-cv-05797 (SAS) <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSEPH WAGGONER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

-------------------------------------------------------X

   Joseph Waggoner, individually and on behalf of all others similarly situated (the "Movant") respectfully submit this memorandum of law in support of his motion for appointment as lead plaintiff and approval of The Rosen Law Firm, P.A. as lead counsel.

**I.  BACKROUND**

   Defendant Barclays PLC is a global financial services provider engaged in retail banking, credit cards, wholesale banking, investment banking, wealth management, and investment management services. Barclays is a United Kingdom based corporation.  Its shares trade on the New York Stock Exchange ("NYSE") under the ticker symbol "BCS."

On July 28, 2014, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, a notice of pendency of plaintiff's case was published on *GlobeNewswire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Barclays PLC, and certain of its executive officers, and advising purchasers of the Company's securities that they had until September 26, 2014 to file a motion to be appointed as lead plaintiff. *See*, Ex. 1.

This action is brought on behalf of a class consisting of all persons and entities, other than Defendants (defined below) and their affiliates, who purchased or otherwise acquired Barclays American Depositary Shares ("ADSs"), and options contracts to purchase or sell such ADSs, between August 2, 2011 and June 25, 2014, inclusive (the "Class Period"). Plaintiff seeks to pursue remedies against Barclays and certain of its officers and directors for violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

Prior to and during the Class Period, Barclays operated a so-called "dark pool" electronic trading venue known as Barclays LX. As an alternative trading system, Barclays' dark pool allows big blocks of shares to be traded anonymously without informing the market until completing of the desired trade. This allows for the trader to minimize the risk of price movement to the disadvantage of the trader, in the event the market receives notice of the trader's intent before execution. Such private trading venues, many of which are operated by banks like Barclays, accounted for 14.8% of the stock trading volume in the United States in April 2014.

Throughout the Class Period, Defendants made false and/or misleading statements, and failed to disclose material adverse facts regarding the Company's operation of its dark pool. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or

failed to disclose that: (i) Barclays engaged in a "systematic pattern of fraud and deceit" by using its dark pool to favor high-frequency traders over its other clients; (ii) the pools were promoted as offering investors protection from predatory traders, while Barclays instead courted HFT firms by charging them lower rates; (iii) Barclays falsely understated the percentage of aggressive HFT activity in its dark pool; (iv) Barclays failed to provide monitoring services it promised to investors which would protect the dark pool from aggressive, predatory HFTs; (v) Barclays routed a disproportionately high percentage of client orders to its own dark pool while falsely representing that it routed client orders in a manner that did not favor Barclays LX; (vi) Barclays secretly gave HFT firms informational and other advantages over other clients trading in the dark pool; (vii) Barclays' practices subjected it to regulatory scrutiny and significant reputational harm; (viii) and as a result of the above, the Company's financial statements were materially false and misleading at all relevant times. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C.§78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice
> (bb) in the determination of the Court, has the largest financial interest in the relief sought

3

by the class; and
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
Procedure.

15 U.S.C.§78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### A.  Movant is Willing to Serve as Class Representative

Movant files the instant motion pursuant to the published notice, and submits herewith a certification attesting to his willingness to serve as representative of the Class and willingness to provide testimony at deposition and trial, if necessary. *See,* Ex. 2.  Movant, therefore satisfies the first PSLRA requirement that a putative lead plaintiff either files a complaint or makes a motion in response to a published notice.

### B.  Movant has the Largest Financial Interest in This Action

The PSLRA requires a court to adopt rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class. 15 U.S.C.§78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005.)  Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, Sec. Litig., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998)

Movant has suffered financial losses of over $100. *See,* Ex. 3.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C.  Movant Satisfies the Requirements of Rule 23 Of the Federal  Rules of Civil Procedure

Section  21D(a)(3)(B)(iii)(I)(cc)  of  the  PSLRA  further  provides  that,  in  addition  to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the  Court  need  not  raise  its  inquiry  to  the  level  required  in  ruling  on  a  motion  for  class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

#### 1.     Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. See *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, allege that defendants violated the federal securities laws by issuing false and misleading statements about the Company's financial condition. Movant's interests are closely aligned with the other Class members' and his interests are, therefore typical of the other members of the Class.

### 2.     Movant is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001).  Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff.

### D.     Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly adequately protect the interest of the class; of
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C.§78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate lead plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise

against him that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### III.       MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff case."    15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained The Rosen Law Firm, P.A. to pursue this litigation on his behalf, and Movant will retain the firm as plaintiff's lead counsel in the event he is appointed lead plaintiff. The Rosen Law Firm, P.A. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached hereto as Ex. 4.

### IV.       CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Movant as lead plaintiff, (b) approving The Rosen Law Firm P.A. as lead counsel for the Class (c) and granting such other relief as the Court may deem just and proper.

DATED: September 26, 2014   Respectfully submitted,

         THE ROSEN LAW FIRM, P.A.

         /s/ Phillip Kim
         Philip Kim, Esq. (PK 9384)
         Laurence M. Rosen, Esq. (LR 5733)
         275 Madison Avenue, 34th Floor
         New York, New York 10016
         Telephone: (212) 686-1060
         Fax: (212) 202-3827

         [Proposed] Lead Counsel for Plaintiffs and Class

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this, the 26th day of September, 2014, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/ Phillip Kim</u>