



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/18
```

Jeremy A. Lieberman
Managing Partner

May 11, 2018

**VIA FACSIMILE**

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: ***Strougo v. Barclays PLC, et al.*, No. 14-cv-5797 (S.D.N.Y.)**

Dear Judge Marrero:

Pursuant to Part II.A.2 of Your Honor's Individual Practices, Class Representatives Mohit Sahni and Joseph Waggoner, individually and on behalf of all others similarly situated, (Plaintiffs), oppose Defendants Robert Diamond ("Diamond") and Antony Jenkins' ("Jenkins") May 9, 2018 letter request for a pre-motion conference seeking permission to file a summary judgment motion ("Letter"). Plaintiffs incorporate the arguments set forth in their other two letters, filed contemporaneously, in response to the letter requests of the remaining Defendants. The Letter improperly argues that Diamond and Jenkins are entitled to summary judgment on the Section 20(a) claim. Section 20(a) of the 1934 Act imposes joint and several liability on any person who "directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder," unless the controlling person "acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." 15 U.S.C. § 78t(a).

***There are genuine disputes of fact regarding whether Diamond and Jenkins are control persons***. Under Section 20(a), "[c]ontrol exists when a person has the power [directly or indirectly] to direct or cause the direction of management and policies of a person...." *In re Lehman Bros. Sec. & ERISA Litig.*, 903 F. Supp. 2d 152, 189 (S.D.N.Y. 2012) (citing 17 C.F.R. § 240.12b-2). There can be little question that as CEOs of Barclays during the Class Period[1] and signatories of Barclays' SEC filings, wherein LX revenues were reported and wherein the Company spoke about their efforts toward transparency and better business practices, both Diamond and Jenkins had the power to direct the management and policies of Defendant William White, who oversaw LX, and as set forth in the contemporaneously filed letter, is liable

---

[1] Robert Diamond was Barclays PLC's Chief Executive Officer from January 2011 until July 3, 2012; in August 2012, he was replaced by Antony Jenkins.

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com

NEW YORK        CHICAGO         LOS ANGELES        PARIS

Hon. Victor Marrero  
May 11, 2018
Page 2

under Sections 10(b) and 20(a) for issuing misleading statements with scienter regarding the operation of LX. As the District Court appropriately held in ruling on Defendants' motion to dismiss, Diamond and Jenkins are control persons for purposes of a Section 20(a) claim given their positions as CEO of Barclays.

***There are genuine disputes of fact regarding Diamond and Jenkins' culpable participation.*** The culpable participate requirement is similar to the scienter requirement of Section 10(b) and is satisfied by a showing of recklessness. *In re EZCorp, Inc. Sec. Litigs.*, 181 F. Supp. 3d 197, 214 (S.D.N.Y. 2016). There is ample evidence that as CEOs, Diamond and Jenkins kept apprised of all areas of Barclays' business, including LX, and took responsibility for public messages issued both internal and external to Barclays. Indeed, Jenkins testified at his deposition that as CEO he held "regular monthly management meetings with each of the businesses, one on one meetings with the heads of each of the support functions, including human resources, legal, compliance, risk management, internal audit, and so on" in order to have a "a perspective and input to the condition of the company." Jenkins Tr., 22:5-16. Jenkins testified to doing this so that he could attest to the validity of the Company's 20-F filings, which reflected revenues from LX and included statements regarding "'Barclays' goal to rebuild trust or to increase transparency." 46:6-8; 23:20-25; 24:1-3. Jenkins made clear that as CEO he had to make sure that his statements were consistent with other messages that Barclays issued to the public. 27:10-25. Jenkins testified that as CEO, he had ultimate authority over every business segment within Barclays, including Barclays' US business, of which LX is a part. 35:3-8; 44:21-25. The roles of responsibilities that Jenkins held as CEO are the same roles and responsibilities that Diamond held during his tenure as CEO. *In re EZCorp, Inc. Sec. Litigs.*, 181 F. Supp. 3d 197, 214 (S.D.N.Y. 2016) (ruling that the Individual Defendant's "participation in management, which included access to "all reports, agendas, and other information available to the EZCorp Board," FAC ¶ 241, suffices to particularly allege access to information suggesting recklessness, and thus "culpable participation" under even the most rigorous pleading standard.")

As there are genuine disputes of fact regarding the elements of the Section 20(a) claim, summary judgment is inappropriate. For the foregoing reasons, Plaintiff's respectfully request that this Court deny Defendants Diamond and Jenkins' May 9, 2018 pre-motion request.

Respectfully submitted,

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
Tel: (212)-661-1100
Fax: (212)-661-8665
Email: jalieberman@pomlaw.com

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff Class Representatives.

**SO ORDERED.**

5-14-18
DATE    VICTOR MARRERO, U.S.D.J.