# Dechert
LLP

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

ANDREW J. LEVANDER

andrew.levander@dechert.com
+1 212 698 3683 Direct
+1 212 698 3843 Fax

May 9, 2018

**VIA FACSIMILE**

The Honorable Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/18

Re: *Strougo v. Barclays PLC, et al.*, No. 14-cv-05797-VM (S.D.N.Y.)

Dear Judge Marrero:

We represent Defendants Robert Diamond and Antony Jenkins. In advance of our first appearance in the case, we write pursuant to Part II.A.2 of Your Honor's Individual Practices to request a pre-motion conference regarding Defendants' proposed motion for summary judgment.

"Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the evidence 'shows[s] that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" *Beleson v. Schwartz*, 599 F. Supp. 2d 519, 523 (S.D.N.Y. 2009) (Marrero, J.) (granting defendant's motion for summary judgment as to plaintiffs' Section 10(b), Rule 10b-5, and Section 20(a) claims). For the reasons set forth below, Diamond and Jenkins are entitled to summary judgment on Plaintiffs' Section 20(a) claim—the only remaining claim asserted against them. We respectfully request that Defendants be permitted to file a joint summary judgment brief of not more than 40 pages.

As explained in the letters filed by Defendants Barclays PLC and Barclays Capital Inc. (together, the "Barclays Defendants") and Defendant William White, Plaintiffs cannot prove their primary liability claim under Section 10(b).[1] That alone is sufficient to warrant summary judgment on Plaintiffs' Section 20(a) claim against Diamond and Jenkins. But even if the Court were to conclude somehow that summary judgment is not warranted on the Section 10(b) claim, Plaintiffs' Section 20(a) claim fails because there is no evidence that Diamond or Jenkins "controlled" White or that they "culpably participated" in the remaining alleged misstatements. Plaintiffs made almost no effort to develop evidence connecting Diamond and Jenkins to those statements or to even establish that they were aware of the statements. Indeed, Plaintiffs declined to even depose Diamond. We believe that the motion will eliminate the need for a trial on the

---

[1] Diamond and Jenkins join in the arguments made by the co-defendants in their respective letters.



The Honorable Victor Marrero
May 9, 2018
Page 2

two remaining claims in this case asserted against all Defendants, thereby conserving judicial resources and avoiding the significant expense of trial.

Diamond and Jenkins intend to argue that summary judgment is appropriate here because Plaintiffs cannot as a matter of law show the required elements of control person liability. Section 20(a) provides:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). Liability for Section 20(a) violations is derivative of liability for Section 10(b) violations. *See McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 121 (S.D.N.Y. 2013) (Marrero, J.). To establish a *prima facie* case of control person liability under Section 20(a), Plaintiffs must show: "[(1)] a primary violation by the controlled person; [(2)] control of the primary violator by the targeted defendant; and [(3)] . . . that the controlling person was in some meaningful sense [a] culpable participant[] in the fraud perpetrated." *Dodona I, LLC v. Goldman Sachs & Co.*, 132 F. Supp. 3d 505, 512 (S.D.N.Y. 2015) (Marrero, J.) (quotations omitted).

### *No Evidence of Culpable Participation*

There is no disputed issue of fact as to whether Diamond and Jenkins "culpably participated" in the alleged fraud.[2] The "culpable participation" requirement of Section 20(a) is equivalent to Section 10(b)'s scienter requirement, and requires evidence demonstrating some level of culpable participation at least approximating recklessness. *See McIntire*, 927 F. Supp. 2d at 122-23. There is no evidence that Diamond or Jenkins demonstrated *any* level of culpable participation in the alleged misstatements, or even knew the statements were made at the time they were made. Indeed, Plaintiffs did not even seek to depose Diamond, whose employment

---

[2] Judge Scheindlin previously dismissed Plaintiffs' Section 10(b) claims against Defendants Diamond and Jenkins for the same reason. Judge Scheindlin held that Plaintiffs' failure to "allege that any Individual Defendant other than White knew about the LX product, much less that they intended to mislead ADS holders with regard to that product," rendered the claims "insufficient to allege scienter based on motive as to these defendants." Dkt. 38 at 36-37. Judge Scheindlin further held that Plaintiffs' allegations about recklessness were "far too general to give rise to a strong inference" of scienter. *Id.* at 39.


Dechert
LLP

The Honorable Victor Marrero
May 9, 2018
Page 3

with Barclays ended during the class period *before* all but one of the alleged misstatements was made. Nor did Plaintiffs ask any of the 10 witnesses deposed any substantive question about Diamond—let alone any targeted questions about Diamond's "culpable participation," intent, awareness or control relating to any of the remaining alleged misstatements. Likewise, while Plaintiffs briefly deposed Jenkins, they failed to ask him about any alleged misstatements and failed to elicit any evidence about Jenkins' awareness or culpability regarding any misstatements.

### *No Evidence that Diamond or Jenkins "Controlled" White*

There is also no evidence that Diamond or Jenkins "controlled" Defendant White at all, let alone with respect to the various statements in question. To demonstrate control person liability, Plaintiffs must show that Diamond and Jenkins "not only ha[d] *actual* control over the primary violator, but ha[d] control over *the transaction* in question." *H&H Acquisition Corp. v. Fin. Intranet Holdings*, 669 F. Supp. 2d 351, 361 (S.D.N.Y. 2009) (emphasis added). The test is whether Defendants "actually possess[ed] [the control] *in fact, rather than in theory*." *Id.* at 361 (emphasis added). Plaintiffs' evidence of "control" essentially is that our clients served, at different times, as Chief Executive Officer of Barclays PLC. But that alone is insufficient to establish 20(a) liability. *Krasner v. Rahfco Funds LP*, No. 11-cv- 4092-VB, 2012 WL 4069294, at *6 (S.D.N.Y. Aug. 9, 2012) ("[a] person's status as an officer, director, or shareholder, absent more, is not enough to trigger liability under § 20"). There is no evidence that either Diamond or Jenkins controlled White in any way, much less that they controlled the statements at issue. Plaintiffs obviously did not ask Diamond about White. Nor did Plaintiffs ask Jenkins about White's statements. In fact, in response to Plaintiff's only arguably relevant question about White, Jenkins answered that he was not involved in a decision to "temporarily remove White from his position so that he could focus on the NYAG suit." Jenkins Dep. 71:4-17. This testimony only highlights his lack of control over White. In addition, there is no evidence that Diamond or Jenkins knew of White's statements at the time they were made.

Respectfully submitted,

*/s/ CSL*

Andrew J. Levander
Jeffrey Brown
Amanda Rios

cc: All counsel of record (via e-mail)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants Robert Diamond and Anthony Jenkins

SO ORDERED.

5-14-18
DATE    VICTOR MARRERO, U.S.D.J.



Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

## FAX TRANSMISSION SHEET

| | |
|---|---|
| **DATE** | May 9, 2018 |

| | | | |
|---|---|---|---|
| **TO** | Chambers of the Honorable Victor Marrero<br>Suite 1040<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 10007 | **TEL**<br>**FAX** | (212) 805 6382 |

| | | | |
|---|---|---|---|
| **FROM** | Jeffrey Brown | **TEL**<br>**FAX** | +1 (212) 698-3511<br>+1 212 698 3599 |
| **EMAIL** | Jeffrey.Brown@Dechert.com | | |
| **MATTER** | Request for Pre-Motion Conference in Strougo v. Barclays PLC, et al., No 14-cv-05797-VM (S.D.N.Y.) | | |
| **TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET** | | 4 | |

### CONFIDENTIALITY NOTE

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this message. In addition, if you have received this message in error, please notify us immediately by collect telephone call and return the original message to us at the above address via the United States Postal Service. Thank you.